IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ADRIAN LATHAM                                                                                    PLAINTIFF

        v.                                    Civil No. 09-5243

SGT. FRY, Benton County
Detention Center; and CAPTAIN
HOLLY, Benton County Detention
Center                                                                                              DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 3, 2009, Adrian Latham (hereinafter Latham), submitted this *pro se* civil rights action for filing. Plaintiff was granted leave to proceed *in forma pauperis*.

The case is currently before the undersigned for preservice screening under the provisions of the Prison Litigation Reform Act. Specifically, pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(I-iii).

Because the Court believed it needed additional information about Latham's claims, the undersigned entered an order (Doc. 5) directing Latham to complete, sign, and return an attached addendum to his complaint. The addendum was to be returned by December 30, 2009.

On December 22, 2009, the Court's order and attached addendum, sent to Latham at the Benton County Detention Center, were returned as undeliverable. Latham has not informed the Court of any change in his address. When he filed this case, Latham was advised that he had an obligation to keep the Court informed of any changes in his address (Doc. 3). If he failed to do

-1-

so and the Court received returned mail, Latham was advised that the case was subject to summary dismissal.

I therefore recommend Latham's claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court.  *See* Fed. R. Civ. P. 41(b).

**Latham has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Latham is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of January 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)